Opinion by
Mr. Justice Groves.
This matter is here on writ of error concerning *163 the defendant’s conviction of the crime of burglary. The defendant did not take the stand, and no evidence was offered in his behalf. While the defendant has divided his present argument into two parts, each is addressed to the proposition that the evidence was not sufficient to support the verdict. We have a contrary view and affirm.
Two Pueblo police officers were patrolling an alley at night when they observed an individual, identified by one of the officers as the defendant, in the backyard of a private residence. He was then leaning over a bedspread upon which there were articles which had been removed from the house. He turned and walked toward the house. The policemen turned a spotlight on him and he fled. As a result of a radioed description by one of the police officers, defendant was apprehended by other police officers after a short chase two blocks from the residence.
Immediately thereafter the house was found to have been burglarized, entry having been made by breaking glass out of the rear door. Each of the articles on the bedspread had been removed from the house, while the occupants were away on a trip.
The following morning a pair of gloves which had been taken in the burglary was found in a yard which probably had been traversed by defendant during his flight.
The circumstantial evidence indicating guilt of the defendant was sufficient to support the verdict.
It is to be noted that there was a complete lack of explanation for the defendant’s presence with the articles stolen from the house. “Where the defendant elects not to testify, he cannot successfully complain to this Court that the jurors have drawn inferences against him which are warranted by the evidence.” Mathis v. People, 167 Colo. 504, 448 P.2d 633. See also Schamber v. People, 159 Colo. 102, 410 P.2d 514; Montez v. People, 110 Colo. 208, 132 P.2d 970; and Roberts v. People, 9 Colo. 458, 13 P. 630.
*164 Judgment affirmed.
Mr. Chief Justice McWilliams, Mr. Justice Pringle and Mr. Justice Kelley concur.